UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
KERT MATTHEW, *pro se*,          :
                                  :
                    Plaintiff,    :
                                  :                **MEMORANDUM AND ORDER**
            -against-             :                12-CV-53(DLI)(VMS)
                                  :
B. BARINE, INC.,                  :
                                  :
                    Defendant.    :
------------------------------------------------------------------- x

**DORA L. IRIZARRY, United States District Judge:**

*Pro se* plaintiff Kert Matthew ("Plaintiff") filed the instant Amended Complaint against defendant B. Barine, Inc. ("Defendant") asserting that Defendant discriminated against him, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*. (*See generally* Amended Complaint ("Amend. Compl."), Dkt. Entry 16.) Defendant moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Amended Complaint. For the reasons set forth below, Defendant's motion is granted and the Amended Complaint is dismissed with prejudice.

## BACKGROUND[1]

Plaintiff is "black," from Dominica, under the age of 40, and a Methodist. (Amend. Compl. at 3.) Plaintiff worked at B. Barine, Inc. from June 1, 1995 until February 1, 2011. (*Id*. at 5.) Defendant is a mannequin manufacturing company located in Brooklyn, New York. (*Id*. at 9.) Plaintiff contends the alleged discrimination and harassment began when Defendant hired Daniel Montero ("Montero") in February 2008. (*Id*.) Plaintiff alleges that Montero harassed Plaintiff "on a daily basis . . . for more than over a year." (Amend. Compl. at 5.)

---

[1] The Court assumes familiarity with the underlying facts and issues of this case as set forth in the Court's February 28, 2013 Memorandum & Order ("02/28/13 Memo. & Order"), Dkt. Entry 15.

1

Plaintiff's Amended Complaint adds one new allegation to his original Complaint. (*See* Compl., Dkt. Entry 1.) Plaintiff alleges that Montero called him the "'N' word, several times a day on many occasions." (Amend. Compl. at 5.) Plaintiff claims that he sought help by complaining to the president of B. Barine, Inc. on a weekly basis and that the president took no action. (*Id*.) Plaintiff alleges further that the president terminated his employment on February 1, 2011 because of his complaints about Montero's conduct. (*Id*.)

On February 28, 2011, Plaintiff filed a Verified Complaint with the New York State Division of Human Rights and the U.S. Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on national origin and race/color. (*See* Compl. at 4.) Both agencies found no probable cause. (*See id*.) After receiving a right to sue letter from the EEOC, Plaintiff timely filed a Title VII action in this Court on January 3, 2012. (*See id*. at 4-5.) Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. On February 28, 2013, this Court granted Defendant's motion and dismissed Plaintiff's Complaint without prejudice, granting Plaintiff leave to file an Amended Complaint by April 1, 2013. (*See* 02/28/13 Mem. & Order.) On March 18, 2013, Plaintiff filed an Amended Complaint, which is the subject of Defendant's instant motion.

## LEGAL STANDARD

Under Rule 8(a) of the Federal Rules of Civil Procedure, pleadings must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Pleadings are to give the defendant "fair notice of what the claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), overruled in part on other grounds by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it

demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555)).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move, in lieu of an answer, for dismissal of a complaint for "failure to state a claim upon which relief can be granted." To resolve such a motion, courts "must accept as true all [factual] allegations contained in a complaint," but need not accept "legal conclusions." *Iqbal*, 556 U.S. at 678. For this reason, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to insulate a claim against dismissal. *Id*. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Notably, courts may only consider the complaint itself, documents that are attached to or referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, and matters of which judicial notice may be taken. *See, e.g.*, *Roth v. Jennings*, 489 F. 3d 499, 509 (2d Cir. 2007).

In the context of an employment discrimination claim, a complaint "need not contain specific facts establishing a *prima facie* case of discrimination" to survive a motion to dismiss. *Gillman v. Inner City Broad. Corp.*, 2009 WL 3003244, at *3 (S.D.N.Y. Sept. 18, 2009). However, "a complaint must include . . . a plain statement of the claim . . . [that] give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id*. (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)) (alterations in original). This remains the proper pleading standard in the Second Circuit, operating in conjunction with the

rule articulated in *Twombly* and *Iqbal* that a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see also Gillman*, 2009 WL 3003244 at *3.

In reviewing the Amended Complaint, the Court is mindful that, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). The Court construes *pro se* pleadings "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006) (per curiam) (emphasis omitted). A district court must nevertheless dismiss an *in forma pauperis* action at any time when it fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

**DISCUSSION**

"Before an individual may bring a Title VII suit in federal court, the claims forming the basis of such a suit must first be presented in a complaint to the EEOC or the equivalent state agency." *Williams v. N.Y.C. Hous. Auth.*, 458 F. 3d 67, 69 (2d Cir. 2006) (citing 42 U.S.C. § 2000e-5). For the federal action to be timely, the plaintiff "must make the EEOC filing within 300 days of the alleged discriminatory conduct." *Id*. "The three hundred day period serves as a statute of limitations, and claims regarding acts that occurred more than three hundred days prior to the employee's filing a charge of discrimination with the EEOC are thus time-barred." *Pietri v. N.Y.S. Office of Court Admin.*, 2013 WL 1312002, at *8 (E.D.N.Y. Mar. 28, 2013) (citing *Ragone v. Atl. Video at Manhattan Ctr.*, 595 F. 3d 115, 125-26 (2d Cir. 2010)).

Under the continuing violation exception to the Title VII statute of limitations, "if a Title VII plaintiff files an EEOC charge that is timely as to any incident of discrimination in furtherance of an ongoing policy of discrimination, all claims of acts of discrimination under that

policy will be timely even if they would be untimely standing alone." *Chin v. Port Auth. of N.Y. & N.J.*, 685 F. 3d 135, 155-56 (2d Cir. 2012) (citations and quotation marks omitted). This exception applies to hostile work environment claims, because a hostile work environment's "very nature involves repeated conduct." *Id.* at 115; *see also Hall v. N.Y.C. Dep't of Transp.*, 701 F. Supp. 2d 318, 330 (E.D.N.Y. 2010) ("Whereas a plaintiff alleging 'discrete discriminatory acts' including 'termination, failure to promote, denial of transfer, or refusal to hire' will not trigger the continuing-violations doctrine, a plaintiff bringing a hostile work environment claim will fall into the [continuing violation] exception if 'all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period.'" (quoting *Drew v. Plaza Constr. Corp.*, 688 F. Supp. 2d 270, 279 (S.D.N.Y. 2010))).

By Plaintiff's own admission, Montero's use of the "'N' word" did not extend much past February 2009. (Amend. Compl. at 5.) All acts of discrimination and harassment prior to May 4, 2010 fall outside the three hundred-day statute of limitations. Accordingly, Plaintiff's claim is time-barred under the statute of limitations for Title VII claims. Even if Plaintiff's claim was timely, he fails to plead sufficient facts to establish a hostile work environment claim. *See e.g. Smith v. New Venture Gear, Inc.*, 319 F. App'x 52, 56 (2d Cir. 2009) (finding that "isolated or episodic incidents involving racial slurs . . . do not rise to the level of severity or pervasiveness needed to support a hostile work environment claim"). Accordingly, to the extent the Amended Complaint alleges a hostile work environment claim, the Amended Compliant is dismissed.

Plaintiff contends that he complained to Defendant about Montero's alleged harassment and that he was fired "because of [his] complaining." (Amend. Compl. at 5.) To the extent that the Court construes the Amended Complaint as asserting a retaliation claim, Plaintiff's claim fails. Plaintiff has failed to state a retaliation claim because he does not allege that he was

5

complaining about discrimination and harassment associated with his membership in a protected class.  Further, Plaintiff does not set forth allegations of fact that he was terminated because of his status as a member of a protected class.  Similar to the original Complaint, Plaintiff's Amended Complaint appears to reflect that he was terminated due a personal conflict between Plaintiff and Montero rather than animus against Plaintiff's race, nationality or other relevant characteristic.  (*See* 02/28/13 Memo. & Order at 7.)

The Amended Complaint fails to allege any new and timely claim that Montero's conduct was caused by Plaintiff's membership in a protected class under Title VII.  Without any such allegation, Plaintiff has not stated a claim for relief.  The Court does not find that "the complaint liberally read suggests that the plaintiff has a claim and . . . should therefore be given a chance to reframe."  *Cuoco v. Moritsugu*, 222 F. 3d 99, 112 (2d Cir. 2000) (internal quotations and citations omitted).  Accordingly, Plaintiff's Amended Complaint is dismissed with prejudice.

## CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss is granted and Plaintiff's Amended Complaint is dismissed with prejudice.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
March 27, 2004

/s/
DORA L. IRIZARRY
United States District Judge